UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ARTHER CASHERO,

        Plaintiff,                        Civil Action
                                                    No. 2:24-cv-12663

v.                                                    MARK A. GOLDSMITH
                                                    UNITED STATES DISTRICT JUDGE

BIGGS,

        Defendant,

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Plaintiff is an inmate confined at the Oaks Correctional Facility in Manistee, Michigan, who filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. § 1983. On October 11, 2024, Magistrate Judge David R. Grand signed an order of deficiency, which required Plaintiff to either pay the $ 350.00 filing fee in full, plus the $ 55.00 administrative filing fee, or in the alternative, to provide a signed certification of his prison trust account from an authorized prison official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Plaintiff was given thirty days to comply with the order. (ECF No. 5). To date, Plaintiff has not complied with the order.

      Plaintiff provided this Court with a copy of the application to proceed without prepayment of fees. Plaintiff, however, failed to a signed certification of his prison trust account from an authorized prison official or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

      28 U.S.C. § 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account

1

statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. See also McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. McGore v. Wrigglesworth, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." Id. The district court must then order that the case be dismissed for want of prosecution. Id.

Plaintiff failed to correct the deficiency order by providing the Court with a certified account statement and a copy of his computerized jail trust fund account for the past six months. See Davis v. United States, 73 F. App'x 804, 805 (6th Cir. 2003). The Court dismisses the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. See e.g. Erby v. Kula, 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

**Dated: December 5, 2024**